UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KIM EDWARD SMITH BEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 20-cv-380 (UNA) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Petitioner, appearing *pro se*, has submitted an application to proceed *in forma pauperis* and a motion to vacate under 28 U.S.C. § 2255. For the following reasons, the Court will grant the application and dismiss this case for want of jurisdiction.

Petitioner asks this Court to vacate his 1990 conviction and sentence imposed by the Superior Court of the District of Columbia and to release him from custody. But unlike prisoners challenging State or federal court convictions, "District of Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum unless [it is shown that] the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (internal footnote and quotation marks omitted).

The local remedy, D.C. Code § 23-110, "establishe[s] a remedy analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wish[ ] to challenge their conviction or sentence." *Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998). As relevant here,

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior

1

> Court has denied him relief, unless it also appears that the remedy by
> motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). The D.C. Circuit has interpreted that provision as "not [simply] a procedural bar to otherwise available federal habeas claims; it is Congress's deliberate channeling of constitutional collateral attacks on Superior Court sentences to courts within the District's judicial system (subject to Supreme Court review), with federal habeas available only as a safety valve." *Ibrahim v. United States*, 661 F.3d 1141, 1146 (D.C. Cir. 2011). In other words, D.C. Code § 23-110(g) "divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to § 23-110(a)." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009). Such claims include "the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution . . . [or] (4) the sentence is otherwise subject to collateral attack," and they may be raised by motion in D.C. Superior Court "at any time." D.C. Code § § 23-110(a), (b)(1).

Petitioner asserts that the Superior Court case in which he was sentenced to 18 months to 20 years of incarceration was "dismissed with prejudice" and thus does not exist. Pet. at 3. He notes that he has been denied relief under § 23-110, but a "petitioner may not complain that the remedies provided him by D.C. Code § 23-110 are inadequate merely because he was unsuccessful when he invoked them." *Perkins v. Henderson*, 881 F. Supp. 55, 60, n.5 (D.D.C. 1995). Petitioner has not shown the inefficacy of D.C. Code § 23-110(a) to bring his claim within the jurisdiction of an Article III court; therefore, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

_____
TREVOR N. McFADDEN, U.S.D.J.

Date: March 26, 2020